UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KEVIN RAZZOLI,                                              :

                       Petitioner,          :

            -against-                    : **REPORT AND RECOMMENDATION**

FEDERAL BUREAU OF PRISONS,                    :          12 Civ. 3774 (LAP) (KNF)
US NAVY, US MARSHALS SERVICE SDNY,
US PROBATION SOUTHERN DISTRICT N.Y.,      :
AND GEO GROUP,
                                    :

                  Respondents.          :
-------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LORETTA A. PRESKA, UNITED STATES DISTRICT JUDGE

## BACKGROUND

***Petition***

      Kevin Razzoli ("Razzoli"), proceeding pro se, made a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2241.  Razzoli alleges that he is illegally confined "by US

PAROLE COM'N & also 'BOP/US DOJ & US NAVY'" in violation of federal laws.  He asserts

that "on March 3, 2012, December 3, 2011, and in the past," the respondents "used 'COINTEL-

PRO/Mkultra' . . . and intentionally [deny] [sic] him the right to review & subpoena any

Wittiness [sic] & Documents to show that 'US MARSHALS, FBI, BOP, TOP ECH[E]LON

RATS' working for the 'FBI/SIA RAT PROGRAM' . . . engaged in ACT of CIVIL RICO [in

unison & concert] with one another to deny Kevin Razzoli . . .  his right to operate RAZ

TRADING LLC in New York, New Jersey, Phila, Penn."  Razzoli maintains that the respondents

used "FALSE FBI REPORTS" and that "such 'ACTS DENIED RIGHT TO HAVE

1

CHILDREN'" and "resulted in such INJURIES at MDC BROOKLYN which was later used to 'PROLONG' such illegal incarceration."  According to Razzoli, the respondents "authorized 'TOP ECH[E]LON RATS' at various 'BOP FACILITIES & FCI FAIRTON' to illegally obtain & 'FALSIFY INFORMATION & use PROGRAM known as ARTICHOKE now known as CHIRP PROGRAM.'"  Razzoli alleges that the respondents seized illegally from his residence his laptop computer, cellular telephones and credit cards.  Moreover, they arrested him, illegally, on March 4, 2010, and denied him access to "his DISCOVERY CD'S to 'TIMELY MANUFACTURE US PAROLE APPEAL.'"  Razzoli asserts he was denied the right to present witnesses and subpoena "AGENTS AND ARRESTING AGENTS, US MARSHALS, MARYJO WILLIAMS (US PAROLE CASE ANALYST issuer of ARREST WARRANT)," who used "'DEVICES & TACTICS' as implanted in Kevin Razzoli who did not authori[z]e such implanting devices . . . which caused Kevin Razzoli . . . [not to have children]" and "ILLEGAL DETENTION.  Razzoli seeks a "COURT HEARING AND ISSUANCE OF SUBPOENAS" to

> Chief US MARSHAL SDNY, Judge Kimba Wood (SDNY), Judge Carol AMON (JUDGE EDNY case 10-cv-1842), Warden Terrell (MDC BROOKLYN), OFFICER NUNEZ (MDC BROOKLYN), GEORGE OLIVARES (USPO SDNY), US PAROLE HEARING EXAMINER PAUL HOWARD, CEO of GEO GROUP LLC, Casemanager [sic] Gindville (FCI FAIRTON), Warden Shartle (FCI FAIRTON), BOP DIRECTOR Charles Samuels, Robert Mueller (FBI DIRECTOR), Valerie Caproni (CHIEF FBI COUNSEL), CHIEF of Navy Legal Service office J.A.G. STAFF

to prove that the respondents engaged in "RACKETEERING ACTS" resulting "in such INJURIES at MDC BROOKLYN which was later used to 'PROLONG' such illegal incarceration."  Razzoli maintains that the respondents interfered with his "running of RAZ TRADING," and used "'COINTEL PRO' to steal loads of Produce from Raz Trading LLC/LEELOI INDUSTRIES."  Razzoli requests a hearing and that subpoenas issue "on US

MARSHALS, GEO GROUP, US PROBATION SDNY, and also BOP & US PAROLE Com'n."

***Return***

An assistant United States attorney, Arastu K. Chaudhury ("Chaudhury") filed: (a) a "return in response to the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241"; (b) a memorandum of law; and (c) his declaration, accompanied by Exhibit A (the petition), Exhibit B ("a summary of the results of a party name query for Kevin Razzoli, searched via the Westlaw and Lexis Nexis legal databases, as of August 14, 2012"), Exhibit C ("the Order of Dismissal, dated May 19, 2008, issued in the matter captioned *Razzoli v. City of New York*, 08 -CV-4586 (S.D.N.Y.) (KMW)) and Exhibit D ("a true copy of the Certification of Rockne J. Chickinell, General Counsel for the United States Parole Commission, dated August 9, 2012, and exhibits 1-31 attached thereto.").

### Facts Set Forth in the Return

Razzoli was sentenced on December 1, 1987, to 25 years imprisonment by a United States Navy court. After being placed on parole on several occasions, Razzoli was returned to custody for parole violations, in 2001, 2003, 2004 and 2006. He was paroled on January 23, 2009, by the United States Parole Commission ("the Commission") and remained under parole supervision in the Southern District of New York. United States Probation Officer George L. Olivares ("Olivares") requested that the Commission issue a violator warrant for Razzoli via a violation report, dated January 21, 2010. The Commission issued the warrant, on January 28, 2010, charging Razzoli with: (1) using dangerous and habit forming drugs, namely cocaine; (2) failing to submit to drug testing; (3) failing to report his change in employment; (4) leaving the district without permission; and (5) failing to report to his supervising officer as directed. Razzoli was arrested on March 4, 2010.

On March 5, 2010, the Commission requested that the United States Probation Office, Southern District of New York, conduct a preliminary interview with Razzoli to determine whether probable cause that he violated the conditions of his parole existed and, further, whether he should be held in custody, pending a final parole revocation hearing.  On March 23, 2010, the Commission received a preliminary interview and revocation hearing form through which Razzoli requested a postponement of the preliminary interview to obtain counsel and secure the appearance of witnesses.  John Byrnes, Esq. ("Byrnes"), of the Federal Defenders Office, was appointed to represent Razzoli at the preliminary interview.  Razzoli terminated Byrnes's representation, without affording Byrnes an opportunity to assist him, by leaving a voice mail message for him and indicating that he was reporting Byrnes to the bar association.  Following the voice mail message, Razzoli sent Byrnes a letter in which he made statements suggesting confused thinking.  The circumstances of the termination and other actions by Razzoli raised questions for Probation Department personnel concerning his competency in the revocation proceeding.  On April 21, 2010, the Commission found probable cause that Razzoli violated parole, and ordered a mental health evaluation of him.

On July 7, 2010, a United States Bureau of Prisons staff psychologist, Leonard N. Cohen ("Cohen"), conducted an interview with Razzoli at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, in response to the Commission's request for a mental status evaluation. Cohen recommended that Razzoli be referred for a forensic evaluation, to include psychological testing, to determine whether Razzoli had a psychotic and personality disorder.

On July 28, 2010, the Commission sent a letter to Razzoli, informing him that the Commission found probable cause that he violated the conditions of his parole and ordered a hearing to determine whether revoking his parole was warranted.  Parole Commission Hearing

4

Examiner Paul R. A. Howard ("Howard") met with Razzoli on November 30, 2010, and granted Razzoli's request for a continuance. Thereafter, the forensic evaluation recommended by Cohen was conducted. The Commission received the results of the forensic evaluation on June 7, 2011. The forensic psychologist, William J. Ryan, concluded that Razzoli was competent to proceed with the parole revocation hearing, although he presented with a mental disease: delusional disorder with somatic and persecutory delusions.

Razzoli's parole revocation hearing was conducted at MDC by Howard, on September 23, 2011. The Commission informed Razzoli, by a notice, dated November 30, 2011, of its decision to: (a) revoke parole; (b) withhold credit on the sentence, for the period beginning December 19, 2009, and ending March 3, 2010; and (c) re-parole Razzoli, effective December 3, 2011.

The Commission reopened the case, on December 1, 2011, and retarded the parole effective date for 90 days, to March 3, 2012, because the Federal Correctional Institution in Fairton ("FCI Fairton"), New Jersey, where Razzoli was housed, needed more time for release planning. On December 30, 2011, FCI Fairton reported that Razzoli had been found guilty of violating rules proscribing fighting and threatening another with bodily harm. On January 18, 2012, the Commission retarded the parole effective date for 60 days, to May 2, 2012, for the FCI Fairton rule violations.

Razzoli was paroled on May 2, 2012, and was to remain under parole supervision, in the Southern District of New York, through November 6, 2013. United States Probation Officer Robin M. Rice requested, by a violation report, erroneously dated June 6, 2010, that the Commission issue a violator warrant for Razzoli. On June 7, 2012, the Commission issued the warrant, charging Razzoli with: (1) violating the special residential re-entry center parole

condition; (2) violating the special drug and alcohol aftercare parole condition; (3) failing to

report his change in residence; and (4) using dangerous and habit forming drugs, namely

cocaine.  Razzoli was arrested on June 8, 2012.

On June 14, 2012, the Commission requested that the United States Probation Office,

Southern District of New York, conduct a preliminary interview with Razzoli to determine

whether probable cause that he violated the conditions of his parole existed.  On June 20, 2012,

Razzoli requested a postponement of the preliminary interview to obtain representation by

counsel and the appearance of witnesses.  The Commission was informed that, due to a conflict

of interest, private counsel, instead of the Federal Defenders Office, had been appointed to

represent Razzoli in the administrative proceeding.

**Respondents' Contentions**

The respondents contend, in their memorandum of law, that Razzoli's "claims that the

Respondents have been engaged [in a] conspiracy to prevent Razzoli from operating Raz

Trading LLC, to implant various devices into him, and prevent him from having children . . .

should be denied as frivolous."  They maintain that Razzoli's claim that his March 4, 2010 arrest

was illegal should be dismissed as successive because "Razzoli previously filed . . . habeas

petitions concerning the March 4, 2010 arrest that was [sic] denied," namely, Razzoli v. U.S.

Parole Comm'n, No. 10 Civ. 1842, 2010 WL 4622178 (E.D.N.Y. Nov. 5, 2010) and Razzoli v.

Exec. Office U.S. Marshals, Nos. 10 Civ. 4802 and 10 Civ. 4902, 2011 WL 2610385 (E.D.N.Y.

June 30, 2011).  Moreover, the respondents contend, the petition should be dismissed as

successive because "Razzoli challenged the January 28, 2010 revocation of parole that resulted

in the March 4, 2010 arrest."  Alternatively, they assert, "Razzoli makes no allegations

demonstrating the March 4, 2010 arrest or the January 28, 2010 parole warrant were illegal, and

therefore fails to state a claim upon [sic] for relief."   According to the respondents, "Razzoli Was Afford [sic] Sufficient Process At His September 23, 2011 Revocation Hearing."   The respondents contend that Razzoli was not denied due process at his September 23, 2011 revocation hearing because he was afforded an opportunity to examine Olivares, the probation officer who issued the January 21, 2010 violation report, and the hearing examiner determined that none of the other witnesses Razzoli requested had any relationship to the charged violations and they would have no evidence relevant to the charges against Razzoli.

***Traverse***

Razzoli did not traverse the respondents' return, or deny, under oath, any of the facts set forth in the return or allege any other material facts, as provided under § 2243.

## DISCUSSION

***Legal Standard***

"The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States or . . . (5) It is necessary to bring him into court to testify or for trial."   28 U.S.C. § 2241(c).   "A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241. Execution of a sentence includes matters such as 'the administration of parole [and] computation of a prisoner's sentence by prison officials, prison disciplinary actions, *prison transfers*, type of detention and prison conditions."   Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (citations omitted).

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.  The writ, or order to show cause shall be directed to the person having custody of the person detained.  It shall be

returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.  The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.  When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.  Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.  The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.  The return and all suggestions made against it may be amended, by leave of court, before or after being filed.  The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243.

"The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not apply to petitions brought under the traditional habeas statute, 28 U.S.C. § 2241, which does not contain AEDPA's "gatekeeping provisions," codified under 28 U.S.C. § 2244(b), respecting "a second or successive habeas corpus application under section 2254."  Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997).  However, 28 U.S.C. § 2244(a) applies to petitions made pursuant to § 2241.  See id. at 475.

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

In a habeas corpus proceeding pursuant to § 2241, "it is the petitioner who bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in

8

nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence."
Skaftouros v. United States, 667 F.3d 144, 158 (2d Cir. 2011).  The Federal Rules of Civil
Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those
proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or
the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in
civil actions."  Fed. R. Civ. P. 81(a)(4).

        The requirements of due process apply to a parole revocation and they consist of an
"informal hearing structured to assure that the finding of a parole violation will be based on
verified facts and that the exercise of discretion will be informed by an accurate knowledge of
the parolee's behavior."  Morrissey v. Brewer, 408 U.S. 471, 484, 92 S. Ct. 2593, 2602 (1972).
Minimum due process requirements are:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of
> evidence against him; (c) opportunity to be heard in person and to present witnesses
> and documentary evidence; (d) the right to confront and cross-examine adverse
> witnesses (unless the hearing officer specifically finds good cause for not allowing
> confrontation); (e) a "neutral and detached" hearing body such as a traditional parole
> board, members of which need not be judicial officers or lawyers; and (f) a written
> statement by the factfinders as to the evidence relied on and reasons for revoking
> parole.

> Id. at 489, 92 S. Ct. at 2604.

> To establish a civil RICO claim, a plaintiff must allege "(1) conduct, (2) of an
> enterprise, (3) through a pattern (4) of "racketeering activity" as well as "injury to
> business or property as a result of the RICO violation."  The pattern of racketeering
> activity must consist of two or more predicate acts of racketeering.

> Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 119 (2d Cir.
> 2013) (quoting Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 88 (2d Cir.
> 1999)).

"In order to participate, directly or indirectly, in the conduct of [an] enterprise's affairs, one must have some part in directing those affairs."  Reves v. Ernst & Young, 507 U.S. 170, 179, 113 S. Ct.  1163, 1170 (1993).

***Determination of the Facts***

Pursuant to 28 U.S.C. § 2248, the Court accepts as true the facts set forth in the respondents' return, as described above, because: (a) they are uncontroverted by Razzoli; (b) they are based on the certified record of the Commission's file on Razzoli; and (c) no evidence exists showing that they are not true.  Since no facts are in dispute and the petition and the return present only issues of law, no need exists for the respondents to produce Razzoli for a hearing, see 28 U.S.C. § 2243, or for a hearing to be held.

***Application of Legal Standard***

Respondents' Frivolous Conspiracy Claims Argument

The respondents contend that Razzoli's claims that they engaged in a conspiracy to: (a) prevent him from operating Raz Trading LLC; (b) implant various devices into him; and (c) prevent him from having children, "should be denied as frivolous."  The respondents fail to support that contention with citation to any authority, except for quoting Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992), in which the Supreme Court stated: "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Notwithstanding the Supreme Court's description of when a finding of factual frivolousness is appropriate, Denton involved an *in forma pauperis* complaint alleging 42 U.S.C. § 1983 violations, and the issue in that case was "determining when an *in forma pauperis* litigant's factual allegations justify a [28 U.S.C.] § 1915(d) dismissal for frivolousness."  Id. at

10

27, 112 S. Ct. at 1731.  Razzoli is not proceeding *in forma pauperis*, and § 1915(d) does not

apply to his petition.  Thus, without more, it is not clear how <u>Denton</u> supports the respondents'

contention that Razzoli's conspiracy claim "should be denied as as frivolous."

      Moreover, other than contending that Razzoli's conspiracy claims are frivolous, the

respondents do not explain how or why they are frivolous.  They also fail to reconcile their

argument that Razzoli's conspiracy claims are frivolous with the fact that the assigned district

judge did not dismiss the petition for the writ because "it appears from the application that the

applicant or person detained is not entitled thereto," as contemplated by § 2243; instead she

directed them to file a written response to the petition.  Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts ("§ 2254 Rules"), applicable to cases under

§ 2241 by Rule 1(b) of the § 2254 Rules, provides:

> The clerk must promptly forward the petition to a judge under the court's assignment
> procedure and the judge must promptly examine it.  If it plainly appears from the
> petition and any attached exhibits that the petitioner is not entitled to relief in the
> district court, the judge must dismiss the petition and direct the clerk to notify the
> petitioner.

"[U]nder § 2243 it is the duty of the court to screen out frivolous applications and eliminate the

burden that would be placed on the respondent by ordering an unnecessary answer."  Rule 4 of

the § 2254 Rules, 1976 Advisory Committee Notes.  The respondents do not argue that the

previously assigned district judge failed to conduct a preliminary review of the petition,

including screening it for frivolousness, before ordering them to file the response or that she

made an error in her preliminary review of the petition before ordering them to file the response.

Thus, it is reasonable to infer that the previously assigned district judge reviewed the petition

preliminarily, including for frivolousness, as provided by § 2243 and Rule 4 of the § 2254 Rules,

without dismissing it, before she ordered the respondents to file the response.  Accordingly, the

respondents' argument that Razzoli's conspiracy claims "should be denied as frivolous" is meritless because it has no support in facts or law.

<u>Merits of the Civil RICO Conspiracy Claims</u>

Although the respondents opposed Razzoli's civil RICO claims based solely on the frivolity ground which must be rejected, as explained above, the Court will address the merits of Razzoli's civil RICO claims. Razzoli contends that the respondents "engaged in ACT of CIVIL RICO . . . to deny [him] his right to operate RAZ TRADING LLC" and that their "RACKETEERING ACTS" were "used to 'PROLONG' [his] legal incarceration." Furthermore, he contends, the respondents violated RICO by "illegal intrusion & theft of CORP[O]RATE ACCOUNT DATA," and used various tactics to injure him, such as implanting devices in his body without his consent, "which caused Kevin Razzoli . . . [not to have children]."

No factual allegations exist about the existence of an enterprise or specific racketeering activities. Razzoli's conclusory allegations involving phrases, such as "RACKETEERING ACTS" and ACT of CIVIL RICO," are insufficient to state a civil RICO violation claim.

<u>Respondents' Successive Claim and Successive Petition Arguments</u>

The respondents contend that: (1) Razzoli's claim, "that his March 4, 2010 arrest was illegal, . . . should be dismissed as successive," because he "previously filed . . . habeas petitions concerning the March 4, 2010 arrest that was [sic] denied"; and (2) his petition should be dismissed as successive because he "challenged the January 28, 2010 revocation of parole that resulted in the March 4, 2010 arrest." The respondents' arguments that Razzoli's claims and his petition should be dismissed because they are successive are meritless, because § 2244(b), pertaining to successive habeas corpus applications, does not apply in § 2241 proceedings. <u>See</u> <u>Chambers</u>, 106 F.3d at 474-75. However, § 2244(a) applies in § 2241 proceedings, and the

12

Court will analyze whether "the legality of [Razzolil's] detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus."  28 U.S.C. § 2244(a).

> (a)  <u>Razzoli v. US Parole Comm'n</u>, No. 10-CV-1842, 2010 WL 4622178 (E.D.N.Y. Nov. 5, 2010)

In his habeas corpus petition, pursuant to § 2241, filed on April 22, 2010, under the case No. 10 Civ. 1842, Razzoli challenged the "ILLEGAL ARREST WARR[A]NT APPLICATION issued by MaryJo Williams signed 'January 28, 2010,'" and sought a hearing, pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S. Ct. 2674 (1978), and discovery.  He asserted that the January 28, 2010 warrant application was based on a false statement, "listing Kevin Razzoli as BLACK, and other FALSE STATEMENTS used to arrest [him] on March 04, 2010."

On November 5, 2010, the court issued its Memorandum and Order, based on its preliminary review of the petition, noting that Razzoli "challenges his parole revocation on due process grounds and demands that the Court hold a 'Franks Hearing.'"  <u>Razzoli</u>, 10-CV-1842, 2010 WL 4622178, at *2.  The court: (a) found that Razzoli "stated no facts regarding what procedural process he did or did not receive"; (b) denied Razzoli's request for the <u>Franks</u> hearing, finding that "[t]here is no authority to suggest such hearings are appropriate as a form of retrospective relief requested in a habeas petition"; and (c) granted Razzoli, <u>sua sponte</u>, 60 days leave from the date of the order to file an amended petition, setting forth "detailed information including the date of his preliminary parole revocation hearing, and the dates of any other hearing pertaining to his parole revocation."  <u>Id.</u> at *2.  The court cautioned Razzoli, stating: "If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed."  <u>Id.</u> at *3. Razzoli failed to submit the amended petition within the allotted time.  On

December 2, 2010, the court denied Razzoli's application for appointment of counsel based on his failure to "demonstrate that his claims have some likelihood of merit."  On January 18, 2011, the court issued an Order and Civil Judgment, denying Razzoli's motion to reconsider the December 2, 2010 order and dismissing the petition, because Razzoli "failed to submit an amended petition as directed by the Court on November 3, 2010."

While Razzoli, in his § 2241 habeas corpus petition in the action No. 10 Civ. 1842, challenged the January 28, 2010 warrant application leading to his March 4, 2010 arrest, claiming his due process rights were violated, he did not challenge his March 4, 2010 arrest explicitly.  The respondents seem to acknowledge that much when they contend that "Razzoli previously filed . . . habeas petitions concerning the March 4, 2010 arrest."  Even assuming Razzoli made an explicit claim for "illegal arrest" in the action No. 10-CV-1842, the court dismissed Razzoli's petition, at the preliminary review stage, based on a procedural ground, namely, Razzoli's failure "to submit an amended petition as directed by the Court on November 3, 2010."  Therefore, it cannot be said that "the legality of [Razzoli's] detention has been determined" by the court, as provided by § 2244(a), when the court dismissed Razzoli's § 2241 petition in the action No. 10 Civ. 1842.

(b)    <u>Razzoli v. Exec. Office U.S. Marshals</u>, Nos. 10-CV-4802, 10-CV-4902, 2011 WL 2610385 (E.D.N.Y. June 30, 2011)

Razzoli filed the following habeas corpus petitions, pursuant to § 2241: (1)  on October 18, 2010, case No. 10-CV-4802; and (2) on October 19, 2010, case No. 10-CV-4902.  On December 20, 2010, Razzoli was directed to amend the petition, which he did, under the case No. 10-CV-4802.  On June 30, 2011, the court issued a Memorandum and Order: (a) dismissing all the respondents except the MDC warden; (b) dismissing Razzoli's "claims related to

'mkultra' and a 'cowboy program in the BOP' and his requests for a military tribunal and a
<u>Franks</u> hearing raised in docket numbers 10-CV-4802 (CBA) and 10-CV-4902 (CBA), with
prejudice"; (c) dismissing Razzoli's "claims related to the free exercise of his religion . . .
without prejudice to the ongoing litigation in *Razzoli v. Executive Office of U.S. Marshals, No.
10-CV-4269*"; (d) consolidating Docket Nos. 10-CV-4802 and 10-CV-4902; (e) leaving
Razzoli's "due process challenge to his confinement to the SHU"; and (f) directing the
respondent to show cause why a writ of habeas corpus should not issue by filing a return.
<u>Razzoli v. Exec. Office U.S. Marshals</u>, Nos. 10-CV-4802, 10-CV-4902, 2011 WL 2610385 at
*1-3 (E.D.N.Y. June 30, 2011).  The respondent filed a return.  On March 6, 2013, the court
denied Razzoli's amended § 2241 petition, "challenging a prison incident report and his
subsequent assignment to the MDC's special housing unit ("SHU")" and his motion for a
hearing.  It found that "Razzoli did not exhaust his administrative remedies before filing his
§ 2241 petition," and "because Razzoli is not excused from his duty to exhaust his administrative
remedies, his procedural default bars judicial review."  Since Razzoli's amended habeas petition
in a consolidated case No. 10-CV-4802 was dismissed as procedurally barred, it cannot be said
that the "the legality of [Razzoli's] detention has been determined" by the court, as provided by
§ 2244(a), when the court dismissed it.

Accordingly, the respondents' successive claim and successive petition arguments, as
well as the argument that the claims in the instant petition should be dismissed because they
have "already been decided on [their] merits" are meritless.  The respondents also contend, in the
alternative, that "Razzoli makes no allegations demonstrating the March 4, 2010 arrest or the
January 28, 2010 parole warrant were illegal, and therefore fails to state a claim. . . for relief."
The Court agrees with the respondents.  Razzoli's conclusory allegations that his March 4, 2010

arrest was illegal, without factual allegations supporting that claim, are not sufficient to state a claim entitling him to relief.

<u>Respondents' Claim that Razzoli Received Sufficient Process at His September 23, 2011 Revocation Hearing</u>

The respondents contend that Razzoli's September 23, 2011 parole "revocation hearing fully complied with due process," because "he was permitted the full opportunity to cross-examine the only relevant adverse witness," Olivares, and "the examiner made a specific finding in the record that the other purported witnesses would have no evidence relevant to the charges against Razzoli."  According to the undisputed facts based on the record in this action, Razzoli received all the process that was due.  He received a written notice of the parole violation charges, namely, the Commission's July 28, 2010 letter finding probable cause that a parole violation occurred and informing Razzoli that a revocation hearing would be held, at which Olivares would testify.  The July 28, 2010 letter was accompanied by a disclosure packet containing the warrant and the January 28, 2010 warrant application, Olivares's letter dated January 21, 2010, parole form F-1 and form CJA-22 received on March 23, 2010 and a Certificate of Parole, dated January 22, 2009.  Razzoli had an opportunity to be heard in person before a neutral and detached examiner, Howard, and to present witnesses and documentary evidence.  Razzoli exercised his right to confront and cross-examine an adverse witness, namely Olivares.  Howard found that none of the other witnesses Razzoli requested had any relationship to the charged violations.  Howard issued a written statement describing the evidence relied on and the reasons for revoking Razzoli's parole.

Other than making conclusory allegations that the respondents violated his due process rights when, subsequent to his March 4, 2010 arrest, he was denied his right to present witnesses

16

and subpoena various government agents, Razzoli failed to explain what, if anything, these individuals would testify that would be relevant to the parole violation charges.  Moreover, Razzoli does not appear to contest Howard's finding that none of the witnesses Razzoli requested at his September 23, 2011 hearing had any relationship to the charged violations.  Apart from his due process violation claim, which is based on the respondents' denial of his request to present witnesses, Razzoli does not allege that violations of other procedural requirements to which  he was entitled, respecting his parole revocation, occurred.  Therefore, granting a writ of habeas corpus, based on Razzoli's due process violation(s) claim, is not warranted.

***Leave to Amend***

A pro se litigant should be afforded an opportunity to amend his petition "prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended [petition] would succeed in stating a claim."  Gomez v. USAA Fed. Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).  Given that Razzoli: (a) failed to state a claim for (i) an illegal arrest on March 4, 2010, and (ii) a civil RICO conspiracy that would entitle him to relief; and (b) is proceeding pro se, the Court cannot rule out the possibility that an amended petition would state these claims.  Therefore, Razzoli should be given an opportunity to amend his petition, setting forth detailed allegations respecting his March 4, 2010 illegal arrest and his civil RICO conspiracy claims.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) Razzoli's due process claims be dismissed; and (2) Razzoli be given an opportunity to amend his petition, setting forth factual allegations for his March 4, 2010 illegal arrest and civil RICO conspiracy claims.

17

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  See also Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be

filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable

Loretta A. Preska, 500 Pearl Street, Room 2220, New York, New York, 10007, and to the

chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007.  Any

requests for an extension of time for filing objections must be directed to Judge Preska.  *Failure*

*to file objections within fourteen (14) days will result in a waiver of objections and will*

*preclude appellate review.*  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v.

Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                    Respectfully submitted,
       July 9, 2013

                                             KEVIN NATHANIEL FOX
Copy mailed to:                              UNITED STATES MAGISTRATE JUDGE

Kevin Razzoli